B. H. GISH, Appellee, v. CASTNER-WILLIAMS and ASKLAND
    DRAINAGE DISTRICT, and HAMILTON COUNTY, IOWA,
    Appellants.

Drainage: APPEAL.   A county has no such interest in the con-
1   struction of a drainage ditch as to entitle it to appeal from
    the action of the board of supervisors in assessing damages on
    account of such construction.

Same: PARTIES.   A drainage district is not such a legal entity as to

2 render it a proper adversary party in a proceeding to assess damages for drainage purposes.

**Same.** Only those parties affected by an assessment of damages 3 for drainage purposes are entitled to appeal; and where a county alone serves notice of appeal there is nothing before the Supreme Court for review.

**Same:** MEASURE OF DAMAGES. The measure of damages for the 4 construction of a drainage ditch is the difference in value of the land immediately before and after the construction of the ditch, and not at the time the drainage district was established.

*Appeal from Hamilton District Court.*— Hon. W. D. Evans, Judge.

Tuesday, November 12, 1907.

Rehearing Denied, Monday, February 17, 1908.

This is an appeal from an allowance of damages to plaintiff made by the district court upon appeal from the action of the board of supervisors in assessing damages to plaintiff due to the establishment of a drainage ditch over and across his land.—*Dismissed.*

*J. M. Blake* and *D. C. Chase,* for appellants.

*Wesley Martin,* for appellee.

Deemer, J.— The record shows that Hamilton county alone appeared in the district court pursuant to the appeal from the action of the board of supervisors in assessing plaintiff's damages, and that it alone contested the case upon appeal. The Castner-Williams and Askland district was not represented, nor did it make any issue with the plaintiff over the amount to be awarded. The record recites in one place that the district served notice of appeal and in another that defendants served notice of appeal to this court. In so far as Hamilton county

1. DRAINAGE: appeal.

is concerned, it had no right of appeal, as it has no such interest in the controversy as entitled it to do so. *Yockey v. Woodbury County,* 130 Iowa, 412.

The drainage district is not such an legal entity as is known to or recognized by law as a proper party to adversary proceedings.   In the case just cited it is said that the pe-

2. SAME: parties.

titioners for the construction of the ditch, or those whose lands are subjected in any way to a heavier assessment on account of failure to assess other lands, may be such parties.   See, also, *Henderson v. Calhoun County,* 129 Iowa, 119.

None of the parties who were interested in the amount of the award — that is to say, none of the parties whose lands were to be assessed to pay the expenses of the im-

3. SAME.

provement — served notice of appeal, and under the prior holdings of this court there is nothing before us for consideration.   We may say, however, that we have examined the question argued by counsel, and find no prejudicial error.

The point most relied upon is that the trial court erred in allowing witnesses to fix the damages at the time of trial rather than at the time when the drainage district was es-

4. SAME: measure of damages.

tablished, or ordered to be established.   Appellants' contention is based upon the rule applicable to ordinary condemnation proceedings.   But such rule is not applicable here, for the reason that by section 7, Acts 30th General Assembly, the amount of damages is to be paid or secured to be paid upon such terms and conditions as the county auditor may deem just and proper, and until that is done the board can take no action toward carrying out the improvements.   In ordinary condemnation proceedings, the money must be paid to the sheriff before the party condemning may enter upon or appropriate the land, while in drainage proceedings the time of payment is indefinite depending largely upon the action of the county auditor.   Moreover, the report of the ap-

praisers was filed September 26, 1905, and the case was tried in the district court, May 12, 1906. There is no showing of any increase in the value of the land between these two dates, and they are not so remote as that any substantial. change in value will be presumed. The damages should undoubtedly be assessed at the difference between the value of the land immediately before and immediately after the construction of the ditch. As supporting these views see, *Richardson v. Webster City*, 111 Iowa, 427.

No error appears, but, as the case is not properly before us, we must for the reasons disclosed in the first division of the opinion dismiss it.

It is therefore *dismissed*.