**John SWEAZEA, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Dick Moore, Chairman, Carolyn Atkins, Member, and Bill Duncan, Member, Appellees.**

No. 84–1197.

United States Court of Appeals,
Eighth Circuit.

Submitted July 17, 1984.

Decided Aug. 31, 1984.

David T. Weir, Susman, Schermer, Rimmel & Parker, Clayton, Mo., for appellant.

John Ashcroft, Atty.Gen., George W. Cox, III, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

John Sweazea, an inmate at the Missouri State Penitentiary, appeals from a final judgment of the District Court[1] for the Eastern District of Missouri dismissing his civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For reversal Sweazea argues that the district court erred in (1) holding that he did not have a protected liberty interest in his parole decision and (2) failing to consider his equal protection claim. Sweazea also contends that the district court should have sua sponte granted him leave to amend his complaint to state a claim or, in the alternative, recast his complaint as a petition for habeas corpus. For the reasons discussed below, we affirm the judgment of the district court.

■ Sweazea claimed that the Missouri Board of Probation and Parole (the Board) and its individual members denied him due process by setting his presumptive parole date above the applicable guidelines indicating the customary range of time to be served. The district court found that this allegation failed to state a claim because parole decisions in Missouri are discretionary and therefore inmates do not have a protected liberty or property interest in those decisions. *See Jago v. Van Curen*, 454 U.S. 14, 21, 102 S.Ct. 31, 35, 70 L.Ed.2d 13 (1981) (per curiam). It is not necessary that we decide this issue, because even if we assume that inmates possess a protected liberty interest in parole decisions, we do not believe Sweazea was deprived of due process. The regulations in effect at the time the Board set Sweazea's parole date provided that the Board could exceed the guidelines upon determining that an early release would depreciate the seriousness of the offense and promote disrespect for the law. 14 Mo.Admin.Code (CSR) 80–2.-010(8)(A)(1) (1983). The Board made such a finding in Sweazea's case and notified him in writing of its decision. Because the Board fully complied with all notice and hearing requirements, the district court correctly rejected Sweazea's due process claim. The district court further did not err in failing to sua sponte grant Sweazea leave to amend his complaint because he could not have stated a claim in any event.

■ Sweazea's equal protection claim was based on his belief that other inmates who had committed crimes arguably worse than his, such as rape and murder, were assigned parole dates earlier than his. Even construing this claim liberally, Sweazea has failed to state an equal protection violation because he was not similarly situated with those against whom he was comparing himself.

The district court did not err in failing to recast this claim as a petition for habeas corpus in light of Sweazea's express statement that he was not challenging the duration of his confinement or seeking immediate release.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 12(a).

---

**1.** The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.