Keith W. BRUNS, Appellant,

v.

STATE of Iowa, Appellee.

No. 91–1919.

Supreme Court of Iowa.

July 21, 1993.

Linda Del Gallo, State Appellate Defender, and Elizabeth E. Quinlan and B. John Burns, Asst. State Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., and Suzie A. Berregaard Thomas and Layne Lindebak, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

Iowa's postconviction relief statute has two statutes of limitation: a ninety-day period for postconviction appeals involving a prison disciplinary decision and a three-year period for collaterally attacking criminal convictions. *See* Iowa Code § 663A.3 (1991). The applicant in this disciplinary proceeding claims the shorter period of limitations is constitutionally infirm because it violates his equal protection rights. He also claims that correctional officials violated his due process rights by not informing him that he had only ninety days to appeal the disciplinary decision against him to the district court. We reject both claims and affirm the district court's order dismissing the applicant's application for postconviction relief.

## I. *Background Facts and Proceedings.*

Keith W. Bruns is an inmate at the Iowa state mens' reformatory. Allegedly, he unsuccessfully plotted with another inmate to escape from the institution. In January 1990 Bruns appeared before a prison disciplinary committee who found that he had violated the two disciplinary rules covering attempt or complicity and escape. As punishment, Bruns (1) lost ninety days good time credit, (2) was removed from the honor roll, (3) was sanctioned ten days full disciplinary detention, and (4) was sanctioned ninety days half disciplinary detention.

After exhausting his administrative remedies without success, Bruns appealed the committee's decision to the assistant warden who denied the appeal. Bruns' subsequent appeal in March 1990 to the deputy director for institutions was also denied.

Bruns then filed a section 1983 action in federal district court. *See* 42 U.S.C. § 1983 (1988). That court ordered Bruns to exhaust his state administrative remedies before proceeding with a federal action.

Some seventeen months later Bruns filed an application for postconviction relief in the district court. The State moved for summary judgment, alleging Bruns had failed to comply with the Iowa Code section 663A.3 ninety-day statute of limitations for postconviction relief applications involving prison disciplinary proceedings.

Bruns resisted the State's motion, claiming section 663A.3 violated his equal protection rights. He also filed a personal affidavit in which he swore that he had received no notice of the ninety-day statute of limitations. He alleged that this failure by correctional officials to notify him denied him due process.

The district court sustained the State's motion for summary judgment. Bruns then petitioned this court for a writ of certiorari which we treated as a notice of appeal.

## II. *Scope of Review.*

 Constitutional rights are implicated so our review is de novo. *State v. Fox*, 491 N.W.2d 527, 530 (Iowa 1992). We consider the case in light of the totality of the circumstances and the record upon which the postconviction court ruling was made. *LuGrain v. State*, 479 N.W.2d 312, 315 (Iowa 1991). Statutes carry a presumption of constitutionality, and the challenger bears a heavy burden to prove otherwise. *CMC Real Estate Corp. v. Iowa Dep't of Transp.*, 475 N.W.2d 166, 171 (Iowa 1991).

## III. *Equal Protection.*

The Fourteenth Amendment to the federal Constitution prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Iowa Constitution recognizes this limitation upon state power by providing that

[a]ll laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens.

Iowa Const. art. I, § 6. We have interpreted these constitutional provisions similarly.

*See Miller v. Boone County Hosp.*, 394 N.W.2d 776, 778 (Iowa 1986).

■ No fundamental right or suspect classification is alleged. So we apply a rational basis analysis. *See Suckow v. NEOWA F.S., Inc.*, 445 N.W.2d 776, 778 (Iowa 1989). In so doing, we reject Bruns' suggestion that we apply a "means scrutiny analysis," a supposedly more stringent analysis than rational basis.

■ Under a rational basis analysis, Bruns must show beyond a reasonable doubt that the classifications in section 663A.3 deny him equal protection. He must also show with particularity how that denial occurs. To meet this burden he must negate every reasonable basis that may support the classifications. *Id.* at 779. A rational basis exists if the statute bears some fair relationship to a legitimate governmental purpose. *Koch v. Kostichek*, 409 N.W.2d 680, 683 (Iowa 1987).

■ The classifications we are talking about of course involve inmates challenging prison disciplinary decisions versus inmates collaterally challenging their convictions. In this connection section 663A.3 pertinently provides:

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. However, *if the applicant is seeking relief under* section 663A.2, subsection 6 [*prison disciplinary proceedings*], *the application shall be filed* with the clerk of the district court ... *within ninety days from the date the disciplinary decision is final.* All other applications [*those collaterally challenging convictions*] *must be filed within three years from the date the conviction or decision is final, or, in the event of an appeal, from the date the writ of procedendo is issued.*

The gist of Bruns' equal protection challenge is that there exists no reason justifying the legislature's shortening the statute of limitations for inmates challenging prison disciplinary decisions. (Before 1989, all postconviction proceedings had a three-year statute of limitations. In 1989 the legislature shortened the statute of limitations for prison disciplinary challenges to ninety days. *See* 1989 Iowa Acts ch. 96, § 1.) Bruns argues that the shorter limitations period is neither reasonably related to a legitimate state interest, nor does it bear a fair and substantial relationship to any purpose the legislature may have.

■ The equal protection provisions of the federal and state constitutions guarantee that the government will treat similar individuals in a similar way. Conversely, the government is not required to treat those in dissimilar situations equally. *Koch*, 409 N.W.2d at 683 (farmer facing foreclosure is in a different situation than farmer facing forfeiture so rational basis existed for statute allowing for continuance of foreclosure proceedings while not allowing the same benefit in forfeiture proceedings).

Inmates challenging prison disciplinary proceedings are in a far different situation than inmates collaterally challenging their convictions. They are challenging prison disciplinary decisions that have resulted in the loss of good time because of rule violations. Consequently, they frequently face penalties that are substantially less, their complaints are usually over trivial matters with little legal significance, and their complaints directly involve the authority of correctional officials to control behavior within the prisons. *Shortridge v. State*, 478 N.W.2d 613, 615 (Iowa 1991).

In contrast, inmates collaterally challenging their convictions often raise substantial legal questions that do have meaningful legal significance. The stakes are much higher because a victory could mean immediate freedom from a prison sentence and a record clean of the conviction. Additionally, their challenges do not involve the authority of correctional officials in any way. Cf. *Sweazea v. Missouri Bd. of Probation & Parole*, 742 F.2d 482, 483 (8th Cir.1984) (state inmate, whose presumptive parole date was set above applicable guidelines by state parole board, failed to state equal protection claim based on his belief that

other inmates who had committed crimes arguably worse than he had committed were assigned parole dates earlier than his, as he was not similarly situated with those against whom he was comparing himself).

Based on these dissimilarities, we conclude similar treatment is not required under either the federal or state constitutions. A rational basis does exist for the different statutes of limitation in Iowa Code section 663A.3.

## IV. *Due Process.*

■ Bruns next contends that the correctional officials did not advise him of the ninety-day statute of limitations in section 663A.3. He claims this failure violated his due process rights under the Fourteenth Amendment to the United States Constitution and under article I, section 9 of the Iowa Constitution. Like equal protection we usually deem the federal and state due process clauses to be identical in scope, import, and purpose. *Harden v. State*, 434 N.W.2d 881, 886 (Iowa 1989). The federal due process clause prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Iowa due process clause mandates that "no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9.

■ Inmates, such as Bruns, claiming a due process violation under the federal Due Process Clause must show that they have been deprived of some protected liberty or property interest by arbitrary government action. *See Williams v. Lane*, 851 F.2d 867, 879 (7th Cir.1988). Because he is incarcerated, Bruns has a *limited* due process right. The extent of this limited due process right is governed by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff* sets out the minimum requirements of procedural due process for inmates in prison disciplinary proceedings. The reason for this limited due process right is that

[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Id.* at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951 (citation omitted). *See also Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675, 685 (1983) ("lawfully incarcerated persons retain only a narrow range of protected liberty interests").

■ We likewise recognize that prison disciplinary committees are not required to grant the full procedural due process protection afforded citizens charged with a crime to prison inmates charged with violating prison disciplinary rules. *Mahers v. State*, 437 N.W.2d 565, 568 (Iowa 1989). We have applied this reduced level of protection in a variety of contexts. *See, e.g., Lockray v. State*, 495 N.W.2d 754, 755 (Iowa 1993) (applicants filing for postconviction relief not entitled to pursue remedies available under the Iowa Administrative Procedure Act as alternative to postconviction relief available under section 663A.2(6)); *James v. State*, 479 N.W.2d 287, 291 (Iowa 1991) (neither prison inmates nor their attorneys possess absolute due process right to confront or cross-examine informants supplying evidence in prison disciplinary actions); *Shortridge*, 478 N.W.2d at 616 ("due process does not require disciplinary officials to give written reason for believing confidential information to be credible"); *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990) (criminal defendant has federal constitutional right to dispense with counsel; this right applies only to criminal prosecutions and has no application to postconviction relief proceedings in which dispensing with counsel lies within the district court's discretion); *Williams v. State*, 421 N.W.2d 890, 892 (Iowa 1988) (postconviction relief applicants have no federal constitutional right to counsel at disciplinary hearings or proceedings challenging results of such hearings, as these are not criminal prosecutions); *Langley v. Scurr*, 305 N.W.2d 418, 419 (Iowa 1981) (prison disciplinary committees are not within the definition of agencies

under the Iowa Administrative Procedure Act). It is in light of this reduced due process interest that we review Bruns' due process claim.

Bruns cites Iowa Rule of Criminal Procedure 22(3)(e) as supporting, by analogy, his claim that correctional officials must inform inmates challenging prison disciplinary decisions about the ninety-day statute of limitations in section 663A.3 for judicial review. Rule 22(3)(e) pertinently provides:

> *Notification of right to appeal.* After imposing *sentence* in a case, the *court* shall advise the defendant of his or her statutory right to appeal. . . .

(Emphasis added.)

Nothing in Rule 22(3)(e) supports Bruns' claim. The rule clearly applies to criminal convictions. As we said earlier, criminal convictions and prison disciplinary proceedings are not on equal footing. The legislature undoubtedly recognized this critical distinction. It purposely did not create a rule requiring correctional officials to inform inmates of the ninety-day statute of limitations for judicial review of a final disciplinary decision. For us to fashion such a rule would simply constitute judicial legislation and would impose an unreasonable burden on prison authorities. We have recognized in another context that prison disciplinary appeals

> are numerous and repetitious, often involving complaints over trivial matters with little legal significance to the prison population at large. Endless avenues of appeal arguably demean the authority of correctional officials to control behavior within the prisons.

*Shortridge,* 478 N.W.2d at 615.

Returning to *Wolff,* we note that the Supreme Court requires correctional officials conducting prison disciplinary proceedings to accord inmates the following procedural due process. First, they must give inmates twenty-four hours advance notice of the charges. Second, they must inform inmates of the reason for the action taken. Last, they must inform inmates of the evidence relied on by the committee in reaching its decision. *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2978, 41 L.Ed.2d at 951. Present practices at the Iowa state mens' reformatory conform to this procedural due process mandate. We decline Bruns' invitation to impose a duty not statutorily nor constitutionally required on already overburdened correctional officials.

V. *Disposition.*

The district court correctly dismissed Bruns' application for postconviction relief. Iowa Code section 663A.3 does not offend equal protection standards under either the federal or state constitution with its ninety-day statute of limitations for prison disciplinary appeals to the district court. And due process under either the federal or state constitution does not impose a duty on prison authorities to inform inmates of this statute of limitations. For these reasons, we affirm.

**AFFIRMED.**