**Willie Lee AYERS, Plaintiff,**

v.

**Jack C. RONE, et al., Defendants.**

**No. 1:93CV 0112 SNL.**

United States District Court,
E.D. Missouri,
Southeastern Division.

April 8, 1994.

Matters": *Teague* and New Rules, 61 U.Chi. L.Rev. 423, 459–76 (1994).

---

Willie Lee Ayers, pro se.

John F. Cooney, Evans and Dixon, St. Louis, MO, for defendants.

### *MEMORANDUM*

LIMBAUGH, District Judge.

This matter is before the Court upon defendant Jack Rone's Motion for Summary Judgment. In the present cause, plaintiff filed an Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional due process and equal protection rights by refusing to provide him with contact visits with his wife and by failing to give adequate justification for said refusals.[1] Defendant Rone moves for summary judgment, which plaintiff opposes.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

 Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

 In passing on a motion for summary judgment, the court must review the

---

1. Defendant Rone moved for summary judgment prior to the filing of plaintiff's Amended Complaint. In the Amended Complaint, plaintiff also adds Alvin Miller as a defendant. The substance of plaintiff's Amended Complaint, however, is substantially the same as the original Complaint filed on July 13, 1993, with the exception of the additional defendant and additional allegations adding more details to plaintiff's claims.

facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of defendant Rone's Motion for Summary Judgment.

Plaintiff alleges that he was denied due process and equal protection of the law because white prisoners at the New Madrid County Jail were allowed to have contact visits with their wives and girlfriends while plaintiff, a black inmate, and other black inmates were denied such privileges. Specifically, plaintiff alleges that he was denied contact visits with his wife following their marriage on February 10, 1993.

Defendant Rone moves for summary judgment, arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law because the evidence clearly indicates that he did not violate plaintiff's rights to due process or equal protection of the laws. Plaintiff opposes said motion, arguing that summary judgment is inappropriate because there are genuine issues of material fact.

The law is clearly established that prisoners do not have a constitutionally protected liberty interest in contact visitation in instances where security might be compromised. *Block v. Rutherford*, 468 U.S. 576, 584–86, 104 S.Ct. 3227, 3232, 82 L.Ed.2d 438 (1984). "That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." *Id.*

The New Madrid County Jail's policies attempt to facilitate visitation by recognizing that "[v]isitation is an important element in the inmate's need to maintain contact with the community and family." Def. Ex. A. The policies also clearly note that "[i]nmates ... considered to be a high-risk will be evaluated on an individual basis." Def. Ex. A.

Plaintiff is currently in the custody of the Department of Corrections, serving a life sentence with no chance of parole, plus thirty years. From November 4, 1992 until November 17, 1993, plaintiff was held in the New Madrid County Jail, while he awaited his trial and sentencing for charges of homicide on a change of venue from Pemiscot County.

The evidence indicates that plaintiff was not allowed contact visits because of the serious threat he posed to the security of the jail and to the safety of jail employees and other prisoners. An additional consideration was the fact that his wife was also a prisoner at the New Madrid County Jail. Communications between prisoners can pose a threat to the security of the jail, the safety of jail employees and to other prisoners. Thus, it is the opinion of this Court that the denial of contact visits to plaintiff was rationally related to valid penological concerns of the New Madrid County Jail. *See Hutchings v. Corum*, 501 F.Supp. 1276, 1296 (W.D.Mo.1980). Defendant Rone, therefore, is entitled to summary judgment with respect to plaintiff's due process claims.

In order to state an equal protection violation, plaintiff must show that he "received treatment which was invidiously dissimilar to that received by other inmates." *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984). Plaintiff must also show that he was similarly situated to those whom he alleges received favored treatment. *Sweazea v. Missouri Board of Probation and Parole*, 742 F.2d 482 (8th Cir.1984). Furthermore, plaintiff must show that there was no rational basis for the alleged differences in treatment. *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987) (citation omitted).

As previously stated, plaintiff's visitation would have been reviewed on an individual basis because he was charged with homicide and as such would constitute a "high risk." Consequently, the security of the jail would need to be considered. Prisoners similarly situated to plaintiff are not allowed contact visits because of the serious threat posed to the security of the jail and to the safety of the jail employees and the other

prisoners. Those similarly situated to plaintiff would receive one contact visit before going to the penitentiary upon conviction. Plaintiff's situation was even more unique in that his wife was also incarcerated at the New Madrid County Jail.

Thus, it is the opinion of the Court that defendant Rone's Motion for Summary Judgment should be granted with respect to plaintiff's equal protection claims because there are no genuine issues of material fact and defendant Rone is entitled to judgment as a matter of law in that the evidence indicates that plaintiff was not similarly situated to other inmates at the prison who received contact visits and the evidence indicates that there was a rational basis for the dissimilar treatment which plaintiff received.