Howard I. **GARD**, As Administrator of the Estate of Howard D. Gard, Deceased, and as Administrator for the Estate of Ronald R. Gard, Deceased, and Howard I. Gard, Betty Lou Laducer, Catherine Kay Bailey, Linda Sue Easter and Bonnie Shope, Individually, Appellants,

v.

**LITTLE SIOUX INTERCOUNTY DRAINAGE DISTRICT OF MONONA AND HARRISON COUNTIES, Iowa, An Iowa Municipality, Appellees,**

and

Harrison County, An Iowa Municipality, and the Harrison County Conservation Commission, An Iowa Municipality, Defendants.

No. 93–416.

Supreme Court of Iowa.

Sept. 21, 1994.

Drew H. Kouris, Council Bluffs, for appellants.

David M. Woodke and Alison L. McGinn of Gross & Welch, Omaha, NE, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

The plaintiffs brought a tort action against an intercounty drainage district and other defendants. Relying upon our decision in *Fisher v. Dallas County*, 369 N.W.2d 426 (Iowa 1985), the district court granted a motion to dismiss filed by the drainage district. On appeal, we affirm.

## I.  *Background.*

Ronald R. Gard and Howard D. Gard drowned on May 30, 1992 after their fishing boat capsized near a facility called the Sioux dam, or sill No. 4, on the Little Sioux River in Harrison County. The administrator of the estates of the decedents and the children of the deceased (Gard) brought an action for damages to the estate and for loss of parental consortium. The petition alleged the decedents were operating a fishing boat, with a single motor and propeller, when their boat collided with an underwater concrete deflector causing the propeller pin to shear. As a result the decedents were unable to maneuver and control their boat and it was swept into the turbulent area near the sill where the boat capsized and the decedents drowned. Gard alleged the defendants, Little Sioux Intercounty Drainage District of Monona and Harrison Counties (drainage district), Harrison County and the Harrison County Conservation Commission were jointly and severally negligent and their negligence was a proximate cause of the Gards' injury and death.

The petition alleged all named defendants are municipalities as defined by section 613A.1 of the Code of Iowa, 1991. Under chapter 613A (now chapter 670) all municipalities in Iowa are subject to liability for torts, except as otherwise provided in the chapter. Iowa Code § 613A.2 (1991). The drainage district filed a motion to dismiss urging a drainage district is not a municipality subject to suit in tort. Gard filed a resistance to the motion and attached exhibits to support the resistance. Following the court's decision sustaining the drainage district's motion to dismiss, Gard filed a timely notice of appeal.

On appeal Gard argues *Fisher* is not applicable or should be overturned and that the drainage district waived immunity or the defense delineated in the *Fisher* case. Because it is not subject to suit in tort for money damages, the drainage district urges the dismissal of the suit was properly granted.

## II.  *Scope of Review.*

Iowa Rule of Civil Procedure 104(b) permits dismissal of an action for "failure to state a claim on which any relief can be granted." Dismissal is proper only if no state of facts is conceivable under which the plaintiff might show a right of recovery

against the defendant. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 861 (Iowa 1990).

### III. *Fisher.*

■ In *Fisher* we recognized that

[o]ur cases concerning the legal status of drainage districts have consistently noted the limited nature of their existence. They have only such powers as the statutes provide.

. . . .

The limited nature of a drainage district's purposes and powers are, therefore, reflected in the limited circumstances in which a drainage district is subject to suit. Those circumstances have never been held to include demands for money damages on a tort theory for injury to land within the district. Suits have been allowed only to compel, complete, or correct the performance of a duty or the exercise of a power by those acting on behalf of a drainage district. Our cases have consistently held that a drainage district is not susceptible to suit for money damages. It has no corporate existence for that purpose.

*Fisher*, 369 N.W.2d at 429 (citation omitted).

Iowa has never allowed tort claims for money damages to be made against a drainage district. The adoption of chapter 613A, effective January 1, 1968, changed the law to allow tort claims to be made against municipalities. Although prior Iowa cases referred to drainage districts as political subdivisions or instrumentalities, *Reed v. Muscatine–Louisa Drainage Dist. No. 13,* 263 N.W.2d 548, 551 (Iowa 1978); *State v. Des Moines County,* 260 Iowa 341, 346, 149 N.W.2d 288, 291 (1967), in *Fisher* we rejected the argument that a drainage district is a municipality as defined in section 613A.1(1). *Fisher,* 369 N.W.2d at 430. A "municipality" is defined to mean "city, county, township, school district, and any other unit of local government except. . . ." Iowa Code § 613A.1(1). The drainage district's immunity from suit in tort does not stand or fall with the doctrine of sovereign immunity, but is based upon the special and limited powers and duties conferred by the Iowa Constitution and statutes.

*Fisher,* 369 N.W.2d at 430. We expressly held

a drainage district is not a "municipality" within the meaning of Iowa Code section 613A.1(1). A drainage district is not subject to suit in tort for money damages. The district court did not err in dismissing plaintiffs' petition with respect to the drainage district.

*Id.*

Gard argues *Fisher* should be overruled or distinguished. Although the provisions of Iowa Code chapter 455, cited in *Fisher,* are now contained in chapter 468, there has been no material change in the relevant sections. At the time of our decision in *Fisher* the legislative provision for creation and maintenance of levy and drainage districts were contained in chapter 455, the provisions for creation and maintenance of intercounty levy and drainage districts were contained in chapter 457, and the provisions for management of drainage districts by trustees were contained in chapter 462. Now, the provisions of these chapters are contained in chapter 468. The reorganization of the Code chapters does not deprive *Fisher* of its validity.

The pertinent statutory language remains. *Fisher* was decided in 1985 and was cited with approval in 1986. *See National Properties Corp. v. Polk County,* 386 N.W.2d 98, 107 (Iowa 1986). The legislature has not amended section 613A.1(1) to include a drainage district within the definition of a municipality. Under similar circumstances we have invoked the principle that issues of statutory interpretation settled by the court and not disturbed by the legislature have become tacitly accepted by the legislature. *State v. Anderson,* 517 N.W.2d 208, 214 (Iowa 1994). We then apply the doctrine of stare decisis. *Cover v. Craemer,* 258 Iowa 29, 34–35, 137 N.W.2d 595, 599 (1965).

■ Gard argues the dismissal of its claims would be a violation of the equal protection provisions of the United States and Iowa constitutions. U.S. Const. amend. XIV, Iowa Const. art. I, § 6. Thus, if a drainage district is not a municipality, Gard urges Iowa would have two separate classes of plaintiffs; those injured by drainage districts

who could not be sued for tort damages and those injured by municipalities who could be sued. Gard urges there is no rational basis for such a distinction.

■ We agree with Gard that the rational basis test is applicable. *See Lunday v. Vogelmann,* 213 N.W.2d 904, 906 (Iowa 1973). A rational basis analysis is appropriate where no fundamental right or suspect classification is alleged. *Bruns v. State,* 503 N.W.2d 607, 610 (Iowa 1993). Under this analysis a rational basis exists if the statute bears some fair relationship to a legitimate governmental purpose. *Id.* We believe there is a legitimate governmental purpose in permitting tort claims against municipalities under the provisions of chapter 613A but not permitting tort claims against a drainage district. Although municipalities are generally considered legal entities, in Iowa a drainage district is not "such a legal entity as is known to or recognized by law as a proper party to adversary proceedings." *Gish v. Castner–Williams & Askland Drainage Dist.,* 136 Iowa 155, 157, 113 N.W. 757, 757 (1907). Suits have been allowed against a drainage district "only to compel, complete, or correct the performance of a duty or the exercise of a power by those acting on behalf of a drainage district." *Fisher,* 369 N.W.2d at 429. Because of the limited nature of a drainage district's purposes and powers, there is a rational basis for the classification.

IV. *Waiver.*

■ Gard argues the drainage district waived any immunity or defense delineated in the *Fisher* case by entering into an agreement with the United States regarding the improvements of sill No. 4. Under the agreement the U.S. Army Corps of Engineers designed and constructed the structures with all construction costs to be federally financed. The drainage district agreed to provide the land easements and right-of-way necessary for construction, to hold and save the United States free from damages due to the construction, operation, and maintenance of the project, and to maintain and operate the works after completion in accordance with government regulations. The construction of the flood control project was commenced in 1984 and the project was completed in May of 1989. The United States then transferred the operation and maintenance responsibilities to the drainage district.

■ Normally, waiver occurs when a party intentionally relinquishes a known right. *See Henderson v. Millis,* 373 N.W.2d 497, 505 (Iowa 1985). The hold harmless agreement does not constitute the relinquishment of a known right. Although the agreement may impose contractual responsibilities between the parties, it does not constitute a waiver of the drainage district's immunity from suit in tort. Likewise, governmental immunity is not waived by the purchase of liability insurance. *Swanger v. State,* 445 N.W.2d 344, 348–49 (Iowa 1989); *Barad v. Jefferson County,* 178 N.W.2d 376, 379 (Iowa 1970). The drainage district did not relinquish its right to claim immunity from tort claims by its agreement with the United States.

**AFFIRMED.**