Thomas M. Walter of Johnson, Hester & Walter, Ottumwa, for appellant.

Craig R. Foss of Foss, Kuiken & Gookin, P.C., Fairfield, for appellees.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

SACKETT, Presiding Judge.

Plaintiff-appellant Larry Sedore filed a claim with defendants-appellees The Board of Trustees of Streeby Drainage District No. 1 of Wapello and Davis Counties, Iowa, and The Streeby Drainage District No. 1 of Wapello and Davis Counties, Iowa, for expenses, primarily attorney fees, he claimed to have paid on behalf of the District. Defendant Board approved the claim but it was never paid. Plaintiff brought this suit and the trial court, on its own motion, determined the Board and the District could not be sued and a claim for mandamus against them was not available. Plaintiff appeals. We determine the trial court erred and remand. We do not retain jurisdiction.

In 1983, plaintiff presented a claim to the defendant Board of Trustees of defendant Drainage District for expenses, primarily attorney fees, he claimed to have paid on the District's behalf. The claim was approved by

**Larry SEDORE, Plaintiff–Appellant,**

v.

**The BOARD OF TRUSTEES OF STREE-BY DRAINAGE DISTRICT NO. 1 OF WAPELLO AND DAVIS COUNTIES, Iowa and the Streeby Drainage District No. 1 of Wapello and Davis Counties, Iowa, Defendants–Appellees.**

**No. 93–0224.**

Court of Appeals of Iowa.

Oct. 25, 1994.

the Board on a two-to-one vote. The claim has not yet been paid. Plaintiff sued claiming payment and in the alternative a writ of mandamus issue.

Defendants answered. Defendants did not contend the District was not amenable to suit or the district court was lacking jurisdiction to hear the claim. A hearing was held and the trial court, on its own motion, found the District could not be sued. Plaintiff appeals contending the District can be sued on this claim.

Defendant District encompasses land in Wapello and Davis Counties and is controlled and managed by three trustees. *See* Iowa Code § 468.500.

■ A drainage district is established for a specific limited purpose and, consequently, possesses its own particular characteristics. *See Reed v. Muscatine–Louisa Drainage District # 13*, 263 N.W.2d 548, 551 (Iowa 1978); *Miller v. Monona County*, 229 Iowa 165, 169, 294 N.W. 308, 310 (1940). A drainage district has only those powers granted it by the legislature. *Reed*, 263 N.W.2d at 551. Cases concerning the legal status of drainage districts have consistently noted the limited nature of their existence. *Gard v. Little Sioux Intercounty Drainage Dist.*, 521 N.W.2d 696, 698 (Iowa 1994). They have only those powers as the statutes provide. *Id.* Suits have been allowed against a drainage district only to compel, complete, or correct the performance of a duty or the exercise of power by those acting on behalf of a drainage district. *Id.*; *Fisher v. Dallas County*, 369 N.W.2d 426, 429 (Iowa 1985); *Voogd v. Joint Drainage Dist. No. 3–11, Kossuth and Winnebago Counties*, 188 N.W.2d 387, 393 (Iowa 1971). The question, therefore, is whether this suit seeks to compel, complete, or correct the performance of a duty or the exercise of power by those acting on behalf of the District.

■ We look to the statutes. The powers and duties of the trustees are defined under Iowa Code section 468.526 which provides:

Trustees shall have control, supervision, and management of the district for which they are elected and shall be clothed with all of the powers now conferred on the board or *boards of supervisors for the control, management, and supervision of drainage* and levee districts under the laws of the state, including the power to acquire lands by conveyance, lease, or by the exercise of the power of eminent domain as provided for in chapter 472 for right of way for levees, ditches and settling basins within or without the district and to annex lands to the district, except as provided in section 468.527. Such authority shall extend only to the district for which they are elected. (Emphasis added).

The Code provides under section 468.527 for costs and expenses:

All costs and expenses necessary to discharge the duties by this subchapter conferred upon trustees shall be levied and collected as provided by law and *such levy shall be upon certificate by the trustees* to the board or boards of supervisors of the amount necessary for such levy. (Emphasis added).

and Iowa Code section 468.528 provides for disbursement of funds:

Drainage and levee taxes when so levied and collected shall be kept by the treasurer of the county in a separate fund to the credit of the district for which it is collected, shall be *expended only upon the orders of trustees*, signed by the president of the board, upon which warrants shall be drawn by the auditor upon the treasurer. (Emphasis added).

Plaintiff seeks to recover from the District a claim the District allowed for expenses necessary for it to discharge its duties. The suit was to compel the District to perform a duty subscribed by statute. *See Fisher*, 369 N.W.2d at 429, and *Voogd*, 188 N.W.2d at 387 (where court allowed suit against district to challenge validity of assessment the power to levy assessment being granted by the Iowa Code).

We distinguish *Gard*, 521 N.W.2d at 699 (tort claim not permitted against drainage district), and *Fisher*, 369 N.W.2d at 430 (drainage district not subject to suit in tort for money damage).

We reverse and remand to the trial court to hear plaintiff's claim. We do not retain jurisdiction.

**REVERSED AND REMANDED.**

HAYDEN, J., takes no part.