# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2696

———————

Larry Knapp and Paul Tinder,        *

               *

        Appellants,        *

               *

       v.           *   Appeal from the United States District

               *   Court for the Southern District of Iowa.

Linda Hanson, Individually, and   *

Official Capacity as Director of Iowa  *

Department of Personnel, and Paul H.  *

Wieck II, Individually, and Official   *

Capacity as Commissioner of Iowa   *

Department of Public Safety,     *

               *

        Appellees.       *

———————

Submitted: April 20, 1999
Filed: July 9, 1999

———————

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and MAGNUSON,[2] District Judge.

———————

[1]The Honorable Roger L. Wollman succeeded the Honorable Pasco M. Bowman as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

MAGNUSON, District Judge.

Larry Knapp and Paul Tinder appeal from the judgment of the district court[3] dismissing their claims against Appellees Linda Hanson and Paul Wieck. Knapp and Tinder asserted various constitutional legal theories in their claims that they were wrongfully denied longevity benefits from their employment with the Department of Public Safety. Applying a rational basis standard to Appellants' equal protection claims, the district court found that the state's statute allowing longevity pay only for highway patrol workers was constitutional. Under the same reasoning, the court also dismissed the due process claim. Finally, the court dismissed Appellants' claim for deprivation of property. We affirm.

## I.

Appellants are both employed as fire prevention experts in the Iowa Department of Public Safety. Iowa State Highway Patrol workers are also Department of Public Safety employees. Under Iowa Code section 80.8, members of the highway patrol are allowed to receive longevity pay. However, this right is not afforded to fire prevention officers. Essentially, Appellants contend that by not granting them longevity pay, the state is discriminating against them. In their complaint, Appellants asserted equal protection, due process, and deprivation of property claims, based on the United States Constitution and the Iowa Constitution.

---

[3]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

We review the grant of a motion to dismiss de novo.  See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 650 (8th Cir. 1998).  For the purposes of a motion to dismiss, the Court takes all facts alleged in the complaint as true.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  Further, the Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs.  See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id.; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court applies these standards in the following discussion.

## A.  Equal Protection

The statute at issue provides that members of the Iowa Highway Patrol may receive longevity pay after five years of service.  See Iowa Code § 80.8.[4]  Appellants assert that this provision denies them equal protection of the law under the fourteenth amendment.  See U.S. Const. Amend. XIV, § 1.  Appellants also assert similar equal protection claims under the Iowa Constitution.  See Iowa Const. Art. I, § 6.  Because

---

[4]Section 80.8 provides that "[t]he members of the Iowa state patrol shall be paid additional compensation in accordance with the following formula:  When members of the Iowa state patrol have served for a period of five years their compensation then being paid shall be increased."  Iowa Code § 80.8.  The statute provides for similar salary increases for each consecutive five years of service.  See id.

Iowa law deems federal and state equal protection clauses to be identical, all of Appellants' equal protection claims are subject to the same analysis. See Exira Community Sch. Dist. v. State of Iowa, 512 N.W.2d 787, 792-93 (Iowa 1994) (citing Bruns v. State, 503 N.W.2d 607, 609-11 (Iowa 1993)).

Equal protection analysis turns on the classification drawn by the statute in question. Unless a law places a burden on a fundamental right or focuses on a suspect class, it is subject to a rational basis standard of scrutiny. See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998). Suspect classifications include those such as race, alienage, gender, or national origin. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). The statute at issue in the present case does not address a suspect classification; rather, it differentiates between highway patrol workers and other members of the Department of Public Safety.

Appellants concede that the rational basis standard applies to their equal protection claims. However, Appellants assert that, rather than focus on whether the Iowa Legislature had a rational reason for enacting the statute as a whole, this Court must focus on whether a rational basis exists for the classification within the statute. Either view nets the same result because by analyzing the statute, the Court must necessarily analyze the classification as well. In FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993), the Supreme Court held that "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Thus, as long as a plausible reason exists for the classification, the Court's scrutiny

must end.  See id. at 313-14.  Additionally, under a rational basis standard of review, the statute at issue carries with it a "strong presumption of validity."  Id. at 314; see also City of Waterloo v. Selden, 251 N.W.2d 506, 508 (Iowa 1977).

The present statute withstands equal protection attack because the Appellees have identified a rational reason for the statute.  A rational relationship exists between the state's goal of maintaining an experienced Highway Patrol workforce and offering longevity pay to those members of the Patrol who serve at least five years.  Additionally, Appellants are incorrect in their contention that this issue cannot be decided on a motion to dismiss.  See, eg., Johnson v. City of Minneapolis, 152 F.3d 859, 862-63 (8th Cir. 1998), cert. denied 119 S. Ct. 1035 (1999) (affirming the district court's grant of a motion to dismiss on equal protection claim); Morgan v. City of Florissant, 147 F.3d 772, 774 (8th Cir. 1998) (same).  When all that must be shown is "any reasonably conceivable state of facts that could provide a rational basis for the classification," it is not necessary to wait for further factual development.  Beach Communications, Inc., 508 U.S. at 313.  Accordingly, we affirm the district court's dismissal of Appellants' equal protection claims.[5]

## B.  Due Process / Deprivation of Property

---

[5]Appellant asserts that in finding that a rational reason existed for the statute, the district court somehow considered facts outside of the record.  We find this argument meritless.  The government asserted that, based on the language of the statute at issue, it was reasonable to assume that the legislature wanted to promote retention of highway patrol workers when it decided to grant them longevity pay.  This statement no more considers facts outside of the record than do any of Appellants' assertions.  Further, Appellants do not cite any specific statement made in the district court's order that refers to facts outside of the record.

Appellants also assert a claim under 28 U.S.C. § 1983 based on the Due Process Clause of the Fourteenth Amendment and the Iowa Constitution. However, having found that the statute in question does not violate equal protection, it follows that the statute does not violate substantive due process. See Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 470 n.12 (1981) (citing Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 124-25 (1978) (holding that a statute which bore a rational relationship to its stated interest withstood a substantive due process attack)). Both theories utilize the rational basis analysis, and we have already determined that a rational basis exists for the statute. Therefore, Appellants do not have a cognizable claim under the Due Process Clause.

Moreover, Appellants' claim for deprivation of property must fail because Appellants have no property right in either their employment with the state or in longevity pay. Appellants now argue that they are only claiming a property right in a benefit of their employment. Appellants assert that an implied contract was created out of the custom of granting longevity pay to some workers. To support this assertion, Appellants cite Mummelthie v. City of Mason City, 873 F. Supp. 1293 (N.D. Iowa 1995). There, the court stated that property interests could be created from "[a]greements implied from 'the promisor's words and conduct in light of the surrounding circumstances.'" Id. at 1330 (citing Perry v. Sindermann, 408 U.S. 593, 601-02 (1972)). However, here, Appellants never assert that the state made any statement or action which induced them into believing they would receive longevity pay. The mere fact that longevity pay was given to highway patrol workers simply cannot suffice to create an implied contract with fire prevention experts. Therefore, Appellants have no claim for deprivation of property.

## III.

Finally, Appellants assert that the district court erred when it denied their motion to amend the complaint. We review the denial of a motion to amend for abuse of discretion. See Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994). Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a). However, futility constitutes a valid reason for denial of a motion to amend. See Fuller, 30 F.3d at 88. In the present case, the district court noted that any attempt by Appellants to amend their complaint would be futile because the court had already found a rational basis for the statute. See Appendix at 6 n.3. In light of our agreement with the district court's conclusions on the merits, we further find that the court did not abuse its discretion in denying the motion to amend.

## IV.

In summary, we find that Appellants' equal protection claims fail because the Iowa statute granting longevity pay to highway patrol workers satisfies the rational basis standard of scrutiny. For the same reasons, Appellants' federal due process claim fails. Additionally, because Appellants do not have a property interest in either their employment or in receiving longevity pay, they do not have a claim for deprivation of a property right. Finally, as any amendment to the complaint would have been futile, the district court did not abuse its discretion when it denied Appellants' motion to amend. The order of the district court is affirmed.

A true copy.

ATTEST:

              CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.