**Jack D. SEIVERT and Ellen G. Meier, Administrators of the Estate of John C. Seivert, Deceased, Appellants,**

v.

**James RESNICK, Roger Crites, Percy S. Nichols, Paul Barnes, Bob Main, Joe Doe, and Ralph Doe, Appellees.**

No. 83–362.

Supreme Court of Iowa.

Jan. 18, 1984.

John J. Carlin, Davenport, for appellants.

Elliott R. McDonald, Jr., of McDonald, Stonebraker & Cepican, Davenport, for appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

CARTER, Justice.

The sole issue presented by this appeal is whether the limited immunity granted to the co-employees of a workers compensation claimant for negligent acts by reason of Iowa Code section 85.20 (1981) constitutes a denial of equal protection under article I, section 6 of the Iowa Constitution. The appellant administrators contend that the distinction drawn by the statute as to the liability of tortfeasors who are co-employees of a workers compensation claimant and those tortfeasors who are not co-employees is without a rational basis and thus a denial of equal protection. The district court found that a rational basis did exist for this distinction. We agree and affirm the district court.

As originally commenced, this action alleged "gross negligence amounting to willful and wanton neglect" of the appellees, all of whom were co-employees of the plaintiffs' decedent. Subsequently the petition was amended to assert an additional claim

for liability based only on simple negligence. The defendants' motion to dismiss the amended claim was sustained by the district court and we have granted permission to appeal from this ruling in advance of final judgment.

■ I. No contention is advanced that any fundamental right or suspect classification is involved in the challenged legislation which would trigger a strict scrutiny review of its provisions. In the past we have tested classifications which limit liability of a designated class of tortfeasor by means of a traditional equal protection analysis. *E.g., Bierkamp v. Rogers*, 293 N.W.2d 577, 579–80 (Iowa 1980). This requires us to determine whether the classification or distinction drawn by the statute is reasonably related to one or more legitimate state interests. *Stracke v. City of Council Bluffs*, 341 N.W.2d 731, 733 (Iowa 1983); *State v. Fagen*, 323 N.W.2d 242, 243 (Iowa 1982). Our review of this constitutional issue is de novo. *Bierkamp v. Rogers*, 293 N.W.2d at 580. The appellants contend that the limited immunity granted negligent co-employees, as opposed to tortfeasors who are not co-employees, does not rationally further any of the purposes underlying chapter 85. Appellants note in this regard that employees of more than one employer may work side-by-side on a job site. From this circumstance they contend that an impermissible discrimination exists under the act as to (a) the protections granted tortfeasors on the job site depending upon the fortuitous circumstance of whose employee is injured; and (b) the recovery permitted to injured employees on the job site depending upon whose employee caused their injuries.

■ Whatever views reasonable persons might hold concerning the merit of the challenged classification in terms of social policy, it does not appear to be wholly irrelevant to the legislative scheme of workers compensation benefits. Ordinarily, a co-employee is working under the direction of the employer and comporting his conduct to the employer's directions, a circumstance which supports a legislative decision to grant the co-employee at least a partial share of the employer's immunity from common law tort suits. Generally the argument supporting co-employee immunity or limited immunity is as set forth in 2A A. Larson, *Workman's Compensation Law* section 72.22 at 14–86 (1982):

> It is possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to commonlaw verdicts. This reasoning can be extended to the tortfeasor co-employee; he, too, is involved in a compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect in return for what he has given up is the freedom of the commonlaw suits based on industrial accidents in which he is at fault.

We find the foregoing rationale adequate to sustain the challenged legislation.

■ We do not find that the foregoing rationale is rendered invalid by reason of the fact that in certain occupational settings, co-employees of one employer may work in close proximity to the employees of another employer. The legislature may chose the functional unit to which its social legislation can most effectively extend. In regard to the challenged legislation that unit has been deemed to be the rights and obligations inter se of the employees of a single employer and that employer. The legislature was not required to integrate the rights of employees of different employers on the same job in dealing with the compensation to be afforded for industrial injuries.

We have stated in this regard that:

> [T]he statute is intended to cast upon the industry in which the worker is employed a share of the burden resulting from industrial accidents.... The theory is that the ultimate cost is borne "by the consumer as part of the cost of the product...." As a result, "any worker

whose services form a regular and continuing part of the cost of the product, and whose method of operation is not such an independent business but it forms in itself a separate route through which his own costs of industrial accident can be channeled, is within the presumptive area of intended protection...."

(citations omitted)

*Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 506 (Iowa 1981). We conclude that appellants have failed to demonstrate a lack of rational basis in the challenged legislation sufficient to sustain an equal protection challenge. Support for our holding is found in decisions of other jurisdictions upholding statutory limitations on co-employee liability in the area of workers compensation benefits. *E.g., Kandt v. Evans,* Colo., 645 P.2d 1300 (Colo.1982); *Williams v. Byrd,* 242 Ga. 80, 247 S.E.2d 874 (1978); *Perez v. Continental Casuality Co.,* 367 So.2d 1284 (La.Ct.App.1979); *Oliver v. Travelers Ins. Co.,* 103 Wis.2d 664, 309 N.W.2d 383 (Ct.App.1981).

II. We also reject appellants' contention that the policy standards under which we must measure his challenge to the rational basis of this legislation is our own policy pronouncement on job site safety in *Price v. King,* 259 Iowa 921, 924, 146 N.W.2d 328, 330 (1966). The legislature was free to adopt its own policy views of job site safety with regard to this piece of social legislation and to reject our views if contrary to its own. The amendment of workers' compensation statutes to grant co-employee immunity followed contrary judicial decisions in several jurisdictions. *See generally* Comment, 48 Miss.L.J. 87 (1977). In so acting the legislature perhaps gave some deference to the safety considerations referred to in our *Price* decision by not abolishing co-employee liability entirely but instead limiting it to instances involving wanton acts.

We have considered all arguments presented and find no basis for overturning the judgment of the district court.

AFFIRMED.