**Richard SUCKOW, Appellant,**

v.

**NEOWA FS, INC., Appellee.**

**No. 88–1347.**

Supreme Court of Iowa.

Sept. 20, 1989.

Larry F. Woods, Oelwein, for appellant.

Thomas J. Logan of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

Employers of workers' compensation claimants have immunity under Iowa Code section 85.20 (1985) for negligent acts toward such claimants. The statute gives co-employees of workers' compensation claimants only limited immunity for the same acts. The issue we must decide is whether such a distinction in liability is a denial of equal protection under the fourteenth amendment to the United States Constitution and article 1, section 6 of the Iowa Constitution. The district court ruled the statute did not deny equal protection. We agree and affirm.

The plaintiff, Richard Suckow, suffered a back injury on June 20, 1986, while driving a truck owned by his employer, NEOWA FS, Inc. Because of some defect in the truck, Suckow was not able to keep it on the road. The truck went into a ditch and rolled over, causing Suckow's back injury.

Suckow sued NEOWA, alleging NEOWA was grossly negligent in allowing him to operate the truck when NEOWA knew the truck was not in a safe condition. NEOWA filed a motion to dismiss, asserting the district court lacked subject matter jurisdiction because workers' compensation was the exclusive remedy under Iowa Code section 85.20.

Suckow resisted the motion, claiming section 85.20 was unconstitutional as a denial of equal protection under the fourteenth amendment of the United States Constitution and under article 1, section 6 of the Iowa Constitution.

The district court sustained the motion and dismissed the petition. Suckow appealed. On appeal, Suckow again contends that section 85.20 is unconstitutional because it denies equal protection under the federal and Iowa constitutions. He also contends the statute does not immunize employees against intentional torts.

When NEOWA filed its motion to dismiss, it assumed Suckow's allegations of fact. The district court's ruling on the motion was based on legal grounds which we review on error. *Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 99 (Iowa 1983).

### I. The Constitutional Challenge: Denial of Equal Protection.

Article 1, section 6 of our state constitution puts substantially the same limitations on state legislation as does the equal protection clause of the fourteenth amendment to the federal constitution. *City of Waterloo v. Selden*, 251 N.W.2d 506, 509 (Iowa 1977). We mention this because Suckow contends Iowa Code section 85.20 denies him equal protection under both provisions.

Section 85.20 pertinently provides:

The rights and remedies provided in this chapter ... for an employee on account of injury ... shall be the exclusive and only rights and remedies of such employee ... at common law or otherwise, on account of such injury ... against:

1. the employee's employer; or

2. any other employee of such employer, provided that such injury ... arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

The plain language of this section gives the employer-tortfeasor immunity from suit.

It also gives the co-employee tortfeasor limited immunity. For equal protection purposes, the class includes both tortfeasors. Suckow contends this distinction in liability between members of the same class denies him equal protection under either a strict scrutiny or rational basis analysis.

■ We face a threshold question when a litigant raises an equal protection issue: whether to decide the issue under the traditional rational basis analysis or under the more stringent strict scrutiny analysis. We apply a rational basis analysis except when a classification is suspect or involves fundamental rights. We apply the same analysis under the equal protection provisions of the federal and state constitutions. *Rudolph v. Iowa Methodist Medical Center*, 293 N.W.2d 550, 557 (Iowa 1980).

■ Under a strict scrutiny analysis, a law is constitutional only if the government can show that the law is both necessary and narrowly drawn to serve a compelling state interest. *Shapiro v. Thompson*, 394 U.S. 618, 629–30, 89 S.Ct. 1322, 1328, 22 L.Ed.2d 600, 612–13 (1969).

Under the rational basis analysis,

[t]he constitutional safeguard [of equal protection] is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961); *accord Rudolph*, 293 N.W.2d at 558.

A. *Strict scrutiny analysis.* Suckow contends that the distinction between the liability of an employer and co-employee in section 85.20 infringes a fundamental right—his access to the courts. He argues this infringement serves no compelling state interest; therefore, it is unconstitutional.

■ Suckow incorrectly assumes that access to the courts is itself a fundamental right. As one treatise points out,

[w]here access to the judicial process is not essential to the exercise of fundamental rights the state will be free to allocate access to the judiciary machinery or any system or classification which is not totally arbitrary.

2 Rotunda, Nowak, Young, *Treatise on Constitutional Law Substance and Procedure* ¶ 17.10 at 307 (1986). The Supreme Court has applied this principle in a number of cases. Two serve as contrasting examples: *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) and *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

In *Boddie*, the Court held that filing fees imposed before a divorce action can be filed restrict a fundamental right and, therefore, cannot be applied to indigents seeking a divorce. The fundamental right referred to is the freedom of choice in marital decisions. One of those choices is whether to continue a marriage. Because divorce court is the only available way to sever the marital relationship, access to the court is essential if there is to be a freedom of choice. *Boddie*, 401 U.S. at 383, 91 S.Ct. at 788, 28 L.Ed.2d at 122.

In *Kras*, the Court held that access to the bankruptcy courts can be denied those who cannot pay the filing fee. In the Court's view the bankruptcy process is not essential to the exercise of any fundamental right because a debtor can settle his debts out of court. So Congress can allocate access to the system on a fee basis without violating due process or equal protection guarantees. *Kras*, 409 U.S. at 445–47, 93 S.Ct. at 637–39, 34 L.Ed.2d at 636–37.

Here the judicial process is not essential to the exercise of any fundamental right belonging to workers' compensation claimants. The State has passed comprehensive statutory schemes "to provide an expeditious and automatic remedy to injured employees." Note, *Section 85.20 V. The Dual Capacity Doctrine: Should Workers' Compensation Always Be The Exclu-*

*sive Remedy to Iowa*, 32 Drake L.Rev. 1015, 1016 (1982–83). These schemes represent a compromise between employees and employers. Employees give up their common law rights of actions against employers. In return employers give up their common law defenses and must pay employees for all work-related injuries regardless of fault. *Id.* Like the bankruptcy litigants, workers' compensation claimants have a way, other than through judicial process, to resolve their claims against employers. We conclude section 85.20 does not infringe a fundamental right. So we do not review Suckow's equal protection challenge under a strict scrutiny analysis.

■ B. *Rational basis analysis.* Anticipating that we might find a fundamental right is not infringed, Suckow invites us to do a rational basis analysis. Here his burden is very heavy. He must demonstrate beyond a reasonable doubt that the classification in section 85.20 denies him equal protection. He must also point out with particularity how that denial occurs. To sustain this burden he must negate every reasonable basis which may support the classification. *City of Waterloo v. Selden*, 251 N.W.2d 506, 508 (Iowa 1977).

Suckow tries to meet this heavy burden by arguing that the distinction in liability between members of the same class—employer-tortfeasors and co-employee tortfeasors—does not further the purposes underlying the workers' compensation law. Under the rational basis analysis we must decide whether Suckow met his burden to prove this distinction does not rationally further the purposes underlying the workers' compensation law. We think he has not.

In *Seivert v. Resnick*, 342 N.W.2d 484 (Iowa 1981) we were dealing with a slightly different class of tortfeasors. There the class included a co-employee tortfeasor and a tortfeasor who was not a co-employee. Co-employee tortfeasors under section 85.-20 have, of course, limited immunity. Tortfeasors who are not co-employees have no immunity. The plaintiff contended this distinction in liability between members of the same class violated the equal protection

guarantee under the Iowa Constitution. The plaintiff argued that the limited immunity granted negligent co-employee tortfeasors, as opposed to tortfeasors who are not co-employees, does not rationally further any of the purposes underlying the workers' compensation law. We rejected this argument, reasoning that

> [o]rdinarily, a co-employee is working under the direction of the employer and comporting his conduct to the employer's directions, a circumstance which supports a legislative decision to grant the co-employee at least a partial share of the employer's immunity from common law tort suits.

*Seivert*, 342 N.W.2d at 485.

In further support of the legislature's decision to give co-employees limited immunity, we cited the following passage found in 2A A. Larson, *Workman's Compensation Law* section 72.22 at 14–86 (1982):

> It is possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. *The reason for the employer's immunity is the quid pro quo by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common law verdicts.* This reasoning can be extended to the tortfeasor co-employee; he, too, is involved in a compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect in return for what he has given up is the freedom of the common law suits based on industrial accidents in which he is at fault.

*Seivert*, 342 N.W.2d at 485 (emphasis added). The italicized language in this paragraph, we think, rationally furthers the purposes underlying the workers' compensation laws. *See Flint v. City of Eldon*, 191 Iowa 845, 847, 183 N.W. 344, 345 (1921) ("The fundamental reason for the enactment of [workers' compensation legislation] is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal

to determine and award compensation under the terms of this act.").

We also think there is a rational basis for the legislature's decision to give employers more immunity than co-employees. Employers have more at stake than co-employees. Employers must pay for every work-related injury regardless of fault. Employers must also bear the cost of insurance to guarantee the payment of workers' compensation benefits. *See* Iowa Code § 87.1 (1985). Co-employees have none of these burdens; their only risk is potential liability for acts of gross negligence. We conclude therefore that this inequality is not a denial of equal protection.

## II. *Employer's Liability For Intentional Torts.*

Suckow also contends that section 85.20 does not immunize employers against their intentional torts. Despite Suckow's argument to the contrary, we fail to see any allegations of intentional misconduct against NEOWA in the petition. All Suckow alleged was gross negligence as that term is defined in section 85.20. Suckow did not directly address the issue of intentional torts in his resistance to the motion to dismiss or in his trial brief. Nor did the district court rule on it. We do not address issues that were not presented to and passed upon by the district court. *See Shill v. Careage Corp.,* 353 N.W.2d 416 (Iowa 1984). We are not inclined to depart from this rule now.

## III. *Disposition.*

Iowa Code section 85.20 does not offend against equal protection guarantees of the Iowa or federal constitution because it immunizes employers and not co-employees of workers' compensation claimants against liability for gross negligence.

█ Section 85.20 provides that the exclusive remedy of an employee against an employer for work-related injuries is a proceeding for workers' compensation benefits before the Iowa Industrial Commissioner. For this reason the district court did not have jurisdiction to decide the case. *Steffens v. Proehl,* 171 N.W.2d 297, 300 (Iowa

1969). The district court, therefore, correctly sustained the employer's motion to dismiss. We affirm.

AFFIRMED.