Raela BAIRD, Appellant,

v.

**OTTUMWA COMMUNITY SCHOOL DISTRICT and Employers Mutual Companies, Appellees.**

No. 95–846.

Supreme Court of Iowa.

July 24, 1996.

H. Edwin Detlie, Ottumwa, for appellant.

Steven E. Ort of Bell, Hansen & Ort, P.C., New London, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

This is the appeal of a decision on review of agency action under Iowa Code section 17A.19 (1991). The appellant, Raela Baird, has made a workers' compensation claim against her employer, the Ottumwa Community School District, and its insurer, Employers Mutual Companies, asserting emotional or psychological injury in the workplace as a result of the alleged "abusive treatment by supervisors resulting in severe depression." The industrial commissioner granted a motion for summary judgment filed by the employer and insurance carrier on the ground that the same acts had been the basis for a sexual discrimination claim filed with the Iowa Civil Rights Commission. In so doing, the industrial commissioner relied on our decision in *Ottumwa Housing Authority v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723 (Iowa 1993). The commissioner's order was affirmed by the district court. After reviewing the record and considering the arguments of the parties, we believe that a genuine issue of material fact exists that precluded the commissioner's grant of summary judgment. Consequently, we reverse the order of the district court and remand the case to the industrial commissioner for further proceedings.

Simultaneously with her workers' compensation claim, the appellant pursued a claim with the Iowa Civil Rights Commission under Iowa Code section 601A.6 (1991) (now recodified as Iowa Code section 216.6 (1995)). That claim alleged sexually motivated harassment and retaliation. The complaint was investigated by the commission, and a finding was made that there was probable cause to pursue the matter. Before a final decision by the commission or a right-to-sue letter, a compromise agreement was entered into between appellant and her employer. In this agreement, the employer denied Baird's allegations but agreed to initiate practices promoting nondiscrimination, including the prohibition of sexual harassment. The agreement also provided that the employer would pay Baird $35,000 in cash for emotional distress damages, reinstate her position and seniority upon her release by her treating physician, and remove all derogatory information from her personnel file. The agreement stated that it did not include any recovery for any claims for medical care, medication, or other relief available under the Iowa Workers' Compensation Act "and that complainant retains all rights to proceed under the Iowa Workers' Compensation Act."

Subsequent to the finalizing of this agreement of compromise, the employer and its insurance carrier moved for summary judgment before the industrial commissioner on the ground that the civil rights remedies, which plaintiff pursued, preclude any claim under the Iowa workers' compensation laws based on the same conduct by the employer. The employer's motion for summary judgment asserted that (1) workers' compensation benefits are the quid pro quo for an employee's loss of an independent action at law; and (2) because an independent action *is* available on civil rights claims either before an administrative agency or a court, there is no quid pro quo for workers' compensation liability for the acts on which the civil rights claims are based. In accepting this argument, both the industrial commis-

sioner and the district court relied on our decision in *Ottumwa Housing Authority,* 495 N.W.2d at 723.

In our *Ottumwa Housing Authority* decision, we stated that

[an] employer's immunity is the quid pro quo by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts.

*Id.* at 729 (quoting *Suckow v. NEOWA FS, Inc.,* 445 N.W.2d 776, 779 (Iowa 1989)). We concluded that this quid pro quo is gone when a sex discrimination claim under state or federal statutes is available for the same acts alleged in the workers' compensation proceeding. *Id.*

In urging that we should affirm the district court, the employer and insurance carrier assert that Baird specifically claims that the emotional stress that forms the basis of her workers' compensation claim is the result of sexual harassment. We find nothing in the record to support that contention other than the fact that a civil rights claim had been made. Baird's workers' compensation claim merely asserted that she had suffered emotional distress as the result of "abusive treatment by supervisors resulting in severe depression."

It was never adjudicated by the civil rights commission or a court that the acts upon which the civil rights complaint was based in fact occurred or, if they did occur, whether this constituted sex discrimination in employment. The employer expressly denied the allegations of the civil rights complaint. The settlement agreement may be viewed as a method by which Baird's employer bought its peace on the civil rights claim, leaving the pending workers' compensation proceeding to run its course. Even if the acts alleged in the civil rights claim did constitute sex discrimination in employment, there is nothing in the present record from which we may determine whether those were the same acts or circumstances upon which Baird's workers' compensation claim is based.

It is manifest that not all circumstances that would create a compensable claim for emotional distress benefits under our decision in *Dunlavey v. Economy Fire & Casual-*

*ty Co.,* 526 N.W.2d 845, 851 (Iowa 1995), would give rise to a sexual discrimination claim under section 601A.6. Whether this is the situation in the present case is not without dispute in the record. Consequently, we conclude that a genuine issue of material fact exists concerning Baird's right to proceed with her workers' compensation claim. We reverse the judgment of the district court and remand the case to the industrial commissioner for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**