# IN THE COURT OF APPEALS OF IOWA

No. 19-0759
Filed November 30, 2020

**JOHN C. MAREK, JR., JOELLE C. MAREK, JASON D. MOATS, AMBER F. MOATS, LEMAR D. FENTON, KIMBERLY R. FENTON, BEN B. JOHNSON, MARY P. JOHNSON, SCOTT M. PFEIFFER, DONNA J. PRESTON, ANDREW GRIESER, JESSE J. MULLIN, AMANDA M. MULLIN, SCOTT E. CHRISTOFFERSON, CANDY S. CHRISTOFFERSON, CLIFFORD A. MATHER, WENDY L. MATHER, PHILLIP C. BUFFINGTON, ROBYN B. BUFFINGTON, COREY S. STROTHMAN, SAMANTHA STROTHMAN, and PRAIRIE AG REAL ESTATE HOLDINGS, LLC,**
        Plaintiffs-Appellees/Cross-Appellants,

**vs.**

**DAN JOHNSON and LINDA JOHNSON,**
        Defendants-Appellants/Cross-Appellees,

and

**THE CITY DEVELOPMENT BOARD OF THE STATE OF IOWA and HENRY COUNTY, IOWA,**
        Defendants/Cross-Appellees.
_____


        Appeal from the Iowa District Court for Henry County, John M. Wright, Judge.


        In this declaratory judgment action, Dan and Linda Johnson appeal from the district court's order granting summary judgment to the plaintiffs declaring the Johnsons' money judgment void for lack of personal and subject matter jurisdiction. The plaintiffs cross-appeal the district court's granting of the motion to dismiss filed by the City Development Board of the State of Iowa. **AFFIRMED ON APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellants.

Steven E. Ort of Bell, Ort & Liechty, New London, for appellees Marek et al.

Thomas J. Miller, Attorney General, and Emily Willits and Alan Nagel, Assistant Attorneys General, for cross-appellee State.

Heard by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

This case involves the aftermath of the discontinuance[1] of the City of Mount Union, Iowa (City). The history of how the parties arrived at this appeal involves three separate legal proceedings, which we will explain below.

## I. Factual and Procedural Background.

### A. Discontinuance.

On May 30, 2016, the City formally initiated the process to discontinue the City pursuant to Iowa Code chapter 368 (2016) by adopting a resolution of intent to discontinue.[2] An election followed, in which a majority of the voters voted for discontinuance. As a result, on March 10, 2017, the City Development Board (Board) issued a directive confirming the discontinuance of the City and initiating the procedure for receiving and adjudicating claims against the City.

### B. Defamation Suit and Administrative Claims.

On February 24, 2016—prior to the formal initiation of discontinuance of the City—Dan and Linda Johnson filed a lawsuit against the City, seeking damages for defamation (the defamation suit). On March 13, 2017—three days after the

---

[1] "Discontinuance," in this context, means termination of a city. Iowa Code § 368.1(8) (2016).

[2] Generally, the statutory discontinuance procedure involves: (1) the city adopting a resolution of intent to discontinue; (2) the city holding a public hearing; (3) the city passing a resolution of discontinuance; (4) the city holding an election by the registered voters of the city (if an election is requested); (5) the city notifying the City Development Board of the election results (if an election is held and a majority votes for discontinuance); (6) the Board taking control of the property of the discontinued city; (7) the Board receiving and adjudicating claims against the discontinued city; and (8) the Board causing necessary taxes to be levied against the property within the discontinued city to pay claims allowed. *See* Iowa Code §§ 368.3, 368.21.

Board issued its directive confirming discontinuance of the City—the district court issued an order in the defamation suit denying a request to substitute the Board for the City as the defendant in the suit. The district court's order stated:

> The Motion to Substitute the City Development Board as the Defendant in this case, in place of the City of Mt. Union, a former Iowa Municipal Corporation, shall be denied. The City Development Board is not the real party in interest. Any claim for money damages Dan and Linda Johnson have against the former City of Mt. Union must be filed as a claim pursuant to Iowa Code Section 368.21. Such claim would be resolved through an administrative process.

Presumably aware of the district court's order and the discontinuance of the City, the Johnsons filed a claim against the discontinued City with the Board on September 11, 2017.

On the date scheduled for trial in the defamation suit, the Johnsons appeared before the district court but the City—presumably because it had been statutorily discontinued—did not appear for trial. In spite of the district court's order stating the Johnsons' claim "must be filed as a claim pursuant to Iowa Code Section 368.21" and the Johnsons' submission of their claim to the Board, the district court entered judgment by default on December 7, 2017. The default judgment was entered in favor of the Johnsons against the City in the amount of $70,000.00 for Dan and $35,000.00 for Linda.

The next day, the Board issued notice that a meeting on contested claims would be held on January 10, 2018. Prior to that date, several residents of and/or property owners in the former City filed objections with the Board challenging the Johnsons' administrative claims. Following a hearing, the Board issued a ruling regarding the Johnsons' claims against the former City on February 15, 2018. The Board determined it was bound by the judgment entered in the defamation suit,

had no jurisdiction to determine the validity of the judgment, and approved the Johnsons' claim for the amount of the judgment entered in the defamation suit.

## C. Judicial Review Proceeding.

On March 7, 2018, several residents of and/or property owners in the former City filed a petition for judicial review of the Board's decision (the judicial review proceeding). The petition challenged the Board's ruling on the merits and also challenged it on constitutional due process grounds. The Johnsons were permitted to intervene in the judicial review proceeding.[3]

## D. Declaratory Judgment Action.

On March 26, 2018, the action that is the subject of this appeal was filed (the declaratory judgment action). The plaintiffs in the declaratory judgment action are residents of and/or property owners in the discontinued City and will be referred to as "the residents." They sought declaratory relief against the Johnsons, the Board, and the county[4] in the following forms:

(1) a declaration that the judgment entered in the defamation suit is void for lack of personal and subject matter jurisdiction;

(2) a declaration that the Board is not bound by the judgment entered in the defamation suit, the Board has jurisdiction to determine the validity of the judgment obtained by the Johnsons in the defamation suit, and the Board has the

---

[3] Any further developments in the judicial review proceeding are not in the record.
[4] Presumably, the county was included as a party because it is believed the property owned by the discontinued City becomes the property of the county. *See* Iowa Code § 368.21 ("Any remaining balances shall be deposited in the county treasury where the former city was located."). The county is not a party to this appeal.

obligation to conduct an evidentiary hearing to adjudicate factual and legal issues related to the contested claim of the Johnsons;

(3)     a declaration that Iowa Code sections 368.21 and 368.22, as applied to the Board, violate the due process clauses of the United States and Iowa constitutions; and

(4)     a declaration that the declaratory judgment action should be consolidated with the judicial review proceeding to resolve all issues in a single proceeding.

The declaratory judgment action was resolved by a motion to dismiss from the Board and a motion for summary judgment from the residents.  The district court granted summary judgment to the residents against the Johnsons on the basis that the judgment entered in the defamation suit was of no legal effect because it was entered against a party that no longer existed at the time judgment was entered.  The district court here concluded the district court in the defamation suit lacked jurisdiction to enter judgment against a non-existing entity.  The district court here also concluded that, once the City was discontinued, the Johnsons were required to pursue their claims through the Board's claim procedure.  The district court rejected the Johnsons' claim that there was a factual dispute whether the City was discontinued in an effort to avoid liability for the Johnsons' claims, finding any such factual dispute was not material.  The Johnsons appeal the granting of summary judgment to the residents.

Regarding the residents' claim against the Board, the district court dismissed the claim based on the Board's motion to dismiss pursuant to Iowa Rule of Civil Procedure 1.421(1)(f).  The district court concluded the Board was not a

party to the defamation suit and any dispute over the judgment entered in the defamation suit is a dispute between the other parties that does not concern the Board. Additionally, the district court relied on Iowa Code section 368.22 to conclude that the declaratory judgment action against the Board must be dismissed because any dispute the residents have with the Board can be resolved in the judicial review proceeding. The residents cross-appeal from this ruling.

## II. Non-Validity of the Defamation Suit Judgment.

We will first address the Johnsons' appeal of the district court's grant of summary judgment to the residents.

### A. Standard of Review.

"A ruling on summary judgment is reviewed for correction of errors at law. Summary judgment is appropriate when the record shows no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of proof." *Munger, Reinschmidt & Denne, L.L.P. v. Lienhard Plante*, 940 N.W.2d 361, 365 (Iowa 2020) (citations omitted).

### B. Discussion.

The Johnsons do not directly challenge the district court's conclusion that their failure to substitute parties and their obtainment of a judgment against a non-existing entity is void due to lack of jurisdiction. Presumably, this lack of challenge stems from recognition of the authority supporting the district court's conclusion. *See, e.g.*, *Bingaman v. Rosenbohm*, 288 N.W. 900, 901 (Iowa 1939) ("As to the obligation to procure a substitution of parties-plaintiff, it would seem to require no argument to show that if interven[o]r was to take a valid decree against anyone, such person must be brought into court. But nothing was done in that direction

and thus there was no party in the case against whom a decree could be entered."); *Dist. Twp. of Clay v. Indep. Dist. of Buchanan*, 18 N.W. 859, 861 (Iowa 1884) ("In the very nature of things the court could not have jurisdiction either of subject-matter or person in an action in which the party named as defendant had no existence.").

Instead, the Johnsons claim a factual dispute precludes entry of summary judgment. They claim there is a genuine issue of material fact whether the City was discontinued in an effort to defeat creditors (i.e., the Johnsons). They cite to Iowa Code chapter 684 in support of their contention the discontinuance of the City resulted in a fraudulent transfer. The district court rejected this argument, finding the issue of whether the intent of the discontinuance was to defeat creditors was not material. We agree with the district court.

In order to avoid summary judgment as a result of a factual dispute, the disputed fact must be "material." *See Munger*, 940 N.W.2d at 365. "An issue of fact is 'material' only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law." *Junkins v. Branstad*, 421 N.W.2d 130, 132 (Iowa 1988). Nothing in Iowa Code chapter 368 precludes discontinuance of a city based on the intent behind the decision to initiate the discontinuance process. We imagine that a major driving force behind the decision of any city to invoke discontinuance proceedings under chapter 368 may be financial woes of the city. Here, the intent of the City's representatives in initiating the process for discontinuance of the City does not affect the outcome of this declaratory judgment action, so any dispute over that intent is not material and does not defeat a request for summary judgment.

Furthermore, two other details undermine the Johnsons' argument. First, discontinuance of the City did not extinguish the Johnsons' claim for damages or eliminate their potential ability to collect on their claims if the claims are determined to have merit. Chapter 368 provides a process to determine and adjudicate the merits of any claims against the discontinued City and a mechanism for enforcement of such claims through the levy of taxes. *See* Iowa Code § 368.21. As a result, the intent of the City's representatives in invoking discontinuance proceedings is not material in this action challenging the legality of the judgment obtained against a defunct entity in the defamation suit.

Second, Iowa Code chapter 684, cited by the Johnsons in support of their position, contemplates some type of action being filed seeking to set aside a fraudulent transaction. *See, e.g.*, *id.* §§ 684.5(3) (referencing "a creditor making a claim for relief" and stating such creditor "has the burden of proving the elements of the claim for relief by a preponderance of the evidence"), .7(1) (referencing "an action for relief against a transfer or obligation under this chapter"), .9 (setting periods of limitation for "claim[s] for relief" depending on sections of chapter 684 claimed to be violated). Here, the Johnsons filed no claims pursuant to chapter 684 seeking to set aside or avoid any transactions. Having filed no such claims, the Johnsons cannot use the claimed merits of such unfiled claims as a means of generating a fact question to defeat summary judgment in this declaratory judgment action. Any such claimed factual dispute is simply not material to the issue at hand.

We find no issue of material fact that would affect the outcome of this declaratory judgment action. We also find no error in, and the Johnsons do not

challenge, the district court's conclusion that the judgment in the defamation suit is void due to the judgment being obtained against a non-existing party with no substitution having been undertaken after the City was legally discontinued. Therefore, we affirm the district court's order granting summary judgment to the residents against the Johnsons.

## III.    Dismissal of Claims Involving the Board.

Next, we turn to the cross-appeal by the residents challenging the district court's dismissal of the declaratory relief claims against the Board based on a pretrial motion to dismiss.

### A.    Standard of Review.

We review the district court's ruling on a motion to dismiss for correction of errors at law.  *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).  "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions."  *Id.* (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)).  "When the petition's allegations are taken as true yet fail to state a claim upon which relief may be granted, we will affirm the district court's granting of the motion to dismiss."  *Id.*

### B.    Discussion.

The district court granted the Board's motion to dismiss, in part, on the basis that the Board was not a party to the defamation suit and any issues regarding the validity of the judgment in that suit will need to be decided between the parties to it.  The district court noted another basis for dismissal, namely that the Board's decision to be bound by the judgment in the defamation suit was currently the subject of the judicial review proceeding and Iowa Code section 368.22 makes that

proceeding the "exclusive means" by which the residents can challenge the Board's actions. In making such decision, however, the district court acknowledged that the issues in the declaratory judgment action were "intertwined" with the issues in the judicial review proceeding and:

> That does not mean that all the issues presented in this case will be determined in the judicial review case or should be determined by the same standards. Whether the judicial review will cover part or all of the allegations of the Petition is in question. This includes jurisdictional issues and the effect or value of the judgment at issue.

We agree with these observations made by the district court, but we conclude they require the opposite result when ruling on a motion to dismiss. To sustain a motion to dismiss, the moving party "must show that no state of facts is conceivable under which the plaintiffs might show a right of recovery." *Below v. Skarr*, 569 N.W.2d 510, 511 (Iowa 1997). That cannot be done in this case. It is true that Iowa Code section 368.22(2) states "the judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action." However, section 368.22(3) goes on to limit the portions of section 17A.19 that apply to agency action under chapter 368. Iowa Code § 368.22(2) ("The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence."). The portions of section 17A.19 that are made inapplicable to chapter 368 include provisions that would allow the reviewing court to assess the constitutionality of the law applied, whether the Board exceeded its authority, whether the Board based its decision on an erroneous interpretation of the law,

whether the Board based its decision upon a procedure or decision-making process prohibited by law or without following the prescribed procedure or decision-making process, and whether the Board based its decision on facts that were not supported by substantial evidence in the record. *See id.* §§ 368.22(3)(e), 17A.19(10)(a)–(f). It very well may be that resolution of the judicial review proceeding or the ruling in this appeal invalidating the judgment in the defamation suit will resolve the claims for declaratory relief against the Board in this proceeding. However, we cannot say that with certainty, especially given the sizeable gaps in the scope of reviewable issues in the judicial review proceeding.[5] There has not been a showing "that no state of facts is conceivable under which the plaintiffs might show a right of recovery." *See Below*, 569 N.W.2d at 511; *accord Christ v. Maryland Dept. of Nat. Res.*, 644 A.2d 34, 37 (Md. 1994)

---

[5] The Board argues "[u]nless a statute expressly states otherwise, there is no exception to the exclusivity of judicial review for certiorari, declaratory judgment, or injunction," citing *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 835 (Iowa 1979). *See also* Iowa Code § 17A.19 ("Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a . . . party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action."). However, the Board's argument overlooks the fact that Iowa Code section 368.22(3) specifically refers to section 17A.19 in limiting the scope of review of the Board's actions. By specifically carving out the exceptions listed, section 368.22(3) prevents judicial review pursuant to section 17A.19 of those issues. The express exception negates the exclusivity provisions of section 17A.19 with regard to the excepted issues and makes them available for review by other means. We note there is no indication the residents are seeking to utilize this declaratory judgment action to address issues that can and will be resolved in the judicial review proceeding. Rather, this declaratory judgment action appears to be a prudent attempt to preserve the ability to seek declaratory relief on any issues that are statutorily prohibited from being reviewed in the judicial review proceeding.

("This Court has emphasized, time after time, that dismissal 'is rarely appropriate in a declaratory judgment action.'").

### C.      The Dissent.

Before leaving this issue, we will address the partial dissent, which is directed at this issue.  To begin, we note that we are philosophically in agreement with the dissent that resolution of this issue depends on the text of the statute.  We merely disagree on the execution of that philosophy.  *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 59 (2012) ("Principles of interpretation are guides to solving the puzzle of textual meaning, and as in any good mystery, different clues often point in different directions. . . .  The skill of sound construction lies in assessing the clarity and weight of each clue and deciding where the balance lies.").

In terms of our differences in execution, it appears the crux of the disagreement stems from the question of what to make of Iowa Code section 368.22(3) in relation to section 368.22(2).  The dissent concludes section 368.22(3) merely shapes the judicial review process as articulated in section 368.22(2).  In contrast, we conclude section 368.22(3) creates an exception to the limited review process articulated in section 368.22(2).  Both conclusions have merit.  We come down on our side of this close call based on a reading of section 368.22 in conjunction with section 17A.19.

The exclusivity provision of section 368.22(2) upon which the Board and the dissent relies is, in itself, largely unnecessary, as the same exclusivity language already appears in section 17A.19.  Section 17A.19 states:

> Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action. However, nothing in this chapter shall abridge or deny to any person or party who is aggrieved or adversely affected by any agency action the right to seek relief from such action in the courts.

Because of this provision in section 17A.19, it would be unnecessary to repeat those exclusivity provisions in section 368.22(2), but for the fact the section goes on to limit, or shape, that exclusivity by using this language:

> The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. *The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with appropriate directions.*

(Emphasis added.) While the dissent concludes section 368.22(3) goes on to shape the above exclusivity language, we conclude the shaping has already been concluded in section 368.22(2) and section 368.22(3)'s purpose is to create an exception to the exclusivity provisions of section 368.22(2). We reach this conclusion because section 368.22(3) expressly references section 17A.19, thus triggering the exception to exclusivity invited by section 17A.19's language "[e]xcept as expressly provided otherwise by another statute referring to this chapter by name." If, as the dissent suggests, section 368.22(3) is merely shaping the exclusivity provisions of section 368.22(2), it would not be necessary to reference section 17A.19's exception-to-exclusivity provision because section 368.22(2) already limited or shaped the exclusivity without reference to section

17A.19. *See, e.g.*, *Star Equip., Ltd. v. State*, 843 N.W.2d 446, 455 (Iowa 2014) ("[W]e do not interpret statutes so they contain surplusage." (quoting *Thomas v. Gavin*, 838 N.W.2d 518, 524 (Iowa 2013))). If further limiting or shaping was intended, the legislature could have accomplished that goal via the language in section 368.22(3) without reference to section 17A.19.[6] However, by expressly referencing section 17A.19, we conclude the legislature intended to trigger the exception-to-exclusivity provision of section 17A.19 with regard to the topics referenced in section 368.22(3)(a)–(f).

That said, the dissent is thoughtful and well-reasoned, and we acknowledge the points it makes contribute to this being a very close call. Besides our subtle differences in interpreting the text of the statutes at issue, the primary factor that causes us to come down on the other side of this issue is the procedural posture of this case, which is a ruling on a motion to dismiss. Even with our interpretation of the statue, it is extremely unlikely that any remnant of the residents' claims in this action will remain viable after the invalidation of the default judgment by this ruling and resolution of the judicial review proceeding, and, even then, any remnant may be a proper subject for resolution by summary judgment. Nevertheless, we simply cannot say, at the motion-to-dismiss phase of this proceeding, that "no state of facts is conceivable under which the plaintiffs might show a right of recovery." *Below*, 569 N.W.2d at 511. Therefore, the dismissal of the declaratory judgment

---

[6] Better yet, such limiting or shaping could have been completed within section 368.22(2) without the need to do so in a separate section, which may have made the Board's position more persuasive.

claims against the Board is reversed and the case is remanded for further proceedings.

## IV.    Conclusion.

We find summary judgment was properly granted to the residents, as the judgment entered in the defamation suit is void due to the judgment being entered against an entity that no longer exists.  Because there is a conceivable state of facts under which the residents might show a right of recovery on their claims for declaratory relief against the Board, the dismissal of such claims is reversed and the case is remanded for further proceedings on those claims.

**AFFIRMED ON APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.**

Bower, C.J., concurs; May, J., partially dissents.

**MAY, Judge** (concurring in part and dissenting in part).

I appreciate the majority's thoughtful, well-written opinion. And I agree we should affirm the district court's grant of summary judgment against Dan and Linda Johnson. But I part ways as to the City Development Board of the State of Iowa (the Board)'s motion to dismiss. I believe the district court was right to grant it. As to that issue, I respectfully dissent.

Iowa Code chapter 368 (2016) governs "city development," which includes the "incorporation, discontinuance[,] or boundary adjustment" of cities. Iowa Code § 368.1(5). This case is about a city's "discontinuance," which means the "termination of a city." *Id.* § 368.1(8).

Usually, the discontinuance process involves several steps. *See id.* § 368.3. First, the city council must adopt "a resolution of intent to discontinue." *Id.* Then the council must call a "public hearing." *Id.* Then the council must pass a "resolution of discontinuance." *Id.* Then, if requested, the city must hold a "special election" on the resolution. *Id.* If a majority of voters "approve the discontinuance," the city clerk must notify the Board, a five-member body "established in section 368.9." *Id.* §§ 368.1(3) (defining "board" as "the city development board established in section 368.9"), .3. The Board must then "take control of the property of the discontinued city" and "supervise procedures necessary to carry out the discontinuance in accordance with section 368.21." *Id.* § 368.3. Among other things, this requires the Board to "receive and adjudicate claims against the discontinued city." *Id.* § 368.21. The Board must also "cause necessary taxes to be levied against the property within the discontinued city to pay claims allowed." *Id.* So, of course, people who own property "within the

discontinued city" have an ongoing interest in what claims the Board decides to allow or disallow.

The present case involves the City of Mount Union. Its council pursued discontinuance under chapter 368. And its voters approved. Then, consistent with chapter 368, the Board "receiv[ed] and adjudicate[ed] claims against the discontinued city." *Id.* § 368.3. As one important particular: the Board decided to allow certain claims of Dan and Linda Johnson.

That decision was not universally popular. Many residents were displeased. Some of those residents challenged the Board's decision through a judicial review action. It is now pending.

But that judicial review action is not before us. Instead, the case before us is a declaratory judgment action. It was filed by another group of residents, whom I refer to collectively as "Marek." Marek's petition names the Board as a defendant. And, like the judicial review action, Marek's petition challenges the Board's decision to honor the Johnsons' claims.

In response to Marek's petition, the Board filed a motion to dismiss. Citing Iowa Code section 368.22(2), the Board pointed out that "judicial review is the exclusive remedy for challenging a decision of the Board." The district court granted the motion and ordered that, "as to the . . . Board," the declaratory judgment action "is dismissed."

Now, on cross-appeal, Marek asks this court to consider whether Marek's declaratory judgment action "is barred by the exclusive remedy provisions of Iowa Code § 368.22." The answer to that question depends on "the 'text of the statute,' the 'words chosen by the legislature.'" *Fishel v. Redenbaugh*, 939 N.W.2d 660,

663 (Iowa Ct. App. 2019) (citation omitted). In section 368.22, the legislature said this:

> 1. a. A city or a resident or property owner in the territory or city involved may appeal a decision of the board or a committee, or the legality of an election, to the district court of a county which contains a portion of any city or territory involved.
> b. Appeal must be filed within thirty days of the filing of a decision or the publication of notice of the result of an election.
> c. Appeal of an approval of a petition or plan does not stay the election.
> 2. The judicial review provisions of this section and chapter 17A shall be ***the exclusive means*** by which a person or party who is aggrieved or adversely affected by agency action may ***seek judicial review*** of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with appropriate directions.
> 3. The following portions of section 17A.19 are not applicable to this chapter:
> a. The part of subsection 2 which relates to where proceedings for judicial review shall be instituted.
> b. Subsection 5.
> c. Subsection 8.
> d. Subsection 9.
> e. Subsection 10.
> f. Subsection 11.

(Emphasis added.)

As these words make clear, a judicial review action pursuant to section 368.22 is the only way ("the exclusive means") to challenge in court (to "seek judicial review of") any action by the Board ("agency action"). *See* Iowa Code § 368.22(2). And Marek's declaratory judgment action is not a judicial review action pursuant to section 368.22. So it is not a permissible means to challenge the Board's actions. It is barred by the exclusivity provision contained in section 368.22(2). So the district court had no choice but to dismiss Marek's action.

Marek suggests a different result is supported by subsection 368.22(3). It provides that certain "portions of section 17A.19 are not applicable to this chapter." *Id.* § 368.22(3). But I do not read this language to authorize lawsuits—like Marek's—that challenge the Board's actions *outside of* section 368.22's "exclusive" judicial review process. *See id.* § 368.22(2); *see also State v. Pettijohn*, 899 N.W.2d 1, 16 (Iowa 2017) ("Interpreting a statute requires us to assess it in its entirety to ensure our interpretation is harmonious with the statute as a whole rather than assessing isolated words or phrases.").

Instead, I think subsection 368.22(3) merely *shapes* the judicial review process in chapter 368 cases.[7] Although "the judicial review provisions of . . . chapter 17A" are *generally* applicable to section 368.22 judicial review actions, subsection 368.22(3) makes six particular "portions" of section 17A.19 "not applicable" to those actions. *See* Iowa Code § 368.22(2), (3).

For example, in an ordinary judicial review action, subsection 17A.19(9) would require the district court to "make a separate and distinct ruling on each material issue on which the court's decision is based." But, because of paragraph 368.22(3)(d), subsection 17A.19(9) is "not applicable" to chapter 368. And so,

---

[7] The Board suggests that, in subsection 368.22(3), the legislature took an "unusual step of limiting the scope of review for [b]oard decisions." From my research, though, it does not seem rare for the legislature to modify the judicial review process to fit particular situations. For example, in section 455I.9, the legislature authorized "judicial review pursuant to section 17A.19" but also specified several "exceptions." Similarly, in section 441.37B, the legislature authorized "judicial review . . . as provided in chapter 17A" but then also limited the effect of "section 17A.19, subsection 2." Likewise, in section 514G.110, the legislature authorized "judicial review" but also specified various modifications. For example, in a judicial review action under section 514G.110(9)(c), "[a]llegations . . . under section 17A.19, subsection 10, must be stated with particularity."

subsection 17A.19(9)'s requirement of "separate and distinct ruling[s]" is "not applicable" to section 368.22 judicial review actions. It just doesn't apply.

The same is true of subsection 17A.19(10). It authorizes certain grounds for relief that are *usually* available in judicial review cases. But because of paragraph 368.22(3)(e), subsection 17A.19(10) is "not applicable" to chapter 368. And so the grounds of relief described in subsection 17A.19(10) are not available in section 368.22 judicial review actions. Instead, as subsection 368.22(2) plainly states, "[t]he court's review on appeal of a decision [of the Board] *is limited to* questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence." (Emphasis added.)

Marek suggests, however, that *because* grounds for relief described in subsection 17A.19(10) *are not available* in section 368.22 judicial review actions, *it follows* that those *same* grounds for relief *are available* through a separate declaratory judgment action. I disagree for two reasons. My first concern is subsection 368.22(2). As already mentioned, subsection 368.22(2) commands that the judicial review process "shall be" the "exclusive means" to challenge the Board's actions. But if parties like Marek can challenge the Board's actions through declaratory judgment lawsuits, then the judicial review process is no longer the "exclusive means." It is just an option.

I am also concerned by the language of subsection 368.22(3) itself. Unlike some provisions of our Code, subsection 368.22(3) does not expressly authorize lawsuits outside of the judicial review process. *See, e.g.*, Iowa Code § 22.10(1), (3).

Instead, subsection 368.22(3) merely provides that certain "portions of section 17A.19 are not applicable to" chapter 368. If anything, this language *narrows* the rights of aggrieved parties like Marek. It narrows their rights by preventing them from relying on certain advantageous features of section 17A.19. Certainly, subsection 368.22(3) does not *expand* the rights of aggrieved parties. It does not provide them a *second, alternative* route to court—whether labelled a declaratory judgment action or not—*in addition to* section 368.22's "exclusive" judicial review process.

Marek raises a worthwhile point, though, about constitutional claims. In an ordinary judicial review action, paragraph 17A.19(10)(a) authorizes courts to determine that an agency's action was "[u]nconstitutional on its face or as applied or [was] based upon a provision of law that is unconstitutional on its face or as applied." As explained, though, subsection 17A.19(10) is "not applicable" to section 368.22 judicial review actions. Moreover, section 368.22 does not *expressly* address constitutional concerns. One might infer that courts are prevented from addressing constitutional concerns during the section 368.22 judicial review process. From this, one might further infer that—because there must be *some* pathway for courts to review constitutional concerns—we should permit *additional* lawsuits *outside of* the section 368.22 judicial review process. *See* Iowa Const. art. XII, § 1 ("This constitution shall be the supreme law of the state, and any law inconsistent therewith, shall be void."); *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 649 (Iowa 2019) (McDonald, J., specially concurring) (noting "the Iowa Constitution provides any law—without regard to its source—inconsistent therewith 'shall be void'" (citing Iowa Const. art. XII, § 1)).

I think there is a better way.  In its appellate brief, the Board made these statements:

> Though constitutionality is not listed explicitly in [s]ection 368.22, the Board's proceedings and decisions, if unconstitutional, would be subject to review by the courts as irregular or unreasonable.
>     Plaintiffs can challenge the constitutionality of Board decisions and proceedings pursuant to [s]ection 368.22(2) despite other limits to the scope of the [c]ourt's review.  Specifically, the [c]ourt can review the constitutionality of Board decisions under reasonableness and irregularity review of Board action pursuant to [s]ection 368.22(2).  Because the constitutionality of Board action is subject to judicial review, Plaintiffs' argument that they may challenge Board action by declaratory judgment should fail.

(Internal citations omitted.)

I think we should adopt the Board's position as our holding.  It gives maximum effect to the legislature's words while assuring Marek will have a forum for constitutional concerns.  *See* Iowa Code § 4.4(1) (stating "[i]n enacting a statute, it is presumed that [c]ompliance with the Constitutions of the state and of the United States is intended"); *In re Guardianship of Kennedy*, 845 N.W.2d 707, 714 (Iowa 2014) (applying doctrine of "constitutional avoidance" and adopting view of statute that would avoid "serious due process concerns"); *see also Clark v. Martinez*, 543 U.S. 371, 381–82 (2005) (noting the doctrine of constitutional avoidance "is a tool for choosing between competing plausible interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts" and further noting "[t]he canon is thus a means of giving effect to congressional intent, not of subverting it").

One final point: I recognize that, in general, courts "rarely dismiss a petition for a failure to state a claim upon which any relief may be granted."  *Turner v. Iowa*

*State Bank & Tr. Co. of Fairfield*, 743 N.W.2d 1, 3 (Iowa 2007). But when a statutory process is the "exclusive" means for addressing a particular class of claims, "the district court ha[s] no choice but to dismiss" lawsuits that attempt to raise those claims *outside* the "exclusive" statutory process. *See Bailey v. Batchelder*, 576 N.W.2d 334, 342 (Iowa 1998) ("Workers' compensation is an exclusive remedy which, if applicable, deprives the district court of subject matter jurisdiction. Thus, the district court had no choice but to dismiss [the plaintiff's] negligence action . . . ."); *see, e.g., Suckow v. NEOWA FS, Inc.*, 445 N.W.2d 776, 780 (Iowa 1989) (holding "district court . . . correctly sustained the employer's motion to dismiss" because Iowa Code § 85.20 (1985) provided that a workers' compensation proceeding was "the exclusive remedy" and, therefore, "the district court did not have jurisdiction to decide" employee's lawsuit against employer for injuries sustained on the job); *Walmart Stores, Inc. v. Iowa Civ. Rts. Comm'n*, No. 15-1691, 2016 WL 7403726, at *1 (Iowa Ct. App. Dec. 21, 2016) (affirming dismissal of petition for writ of certiorari that sought to circumvent Iowa Code section 17A.19's (2015) express command that its "judicial review provisions" are "the exclusive means" to obtain judicial review of agency action; noting "[t]he question was jurisdictional and properly resolved by motion to dismiss").

Section 368.22 (2016) created a judicial review process and made it "the exclusive means" for Marek to challenge the Board's decisions. Marek's declaratory judgment action is not a permissible alternative. The district court was right to dismiss Marek's claims against the Board. As to that issue, I respectfully dissent. As to all other matters, I concur.